UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS R. BUCHINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SPOKANE, a Washington corporation; SPOKANE COUNTY SUPERIOR COURT; MARYANN C. MORENO (Honorable Judge); VALERIE JOLICOEUR (Honorable Commission); MATTHEW DUDLEY (attorney); and JASON NELSON (attorney)<br><br>    Defendants. | NO. CV-08-0388-EFS<br><br>**ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT** |

On December 16, 2008, *pro se* Plaintiff Thomas R. Buchinger, who is proceeding in forma pauperis, filed a Complaint, asserting violations of his constitutional rights during a Washington divorce proceeding and child custody dispute. (Ct. Rec. 4.) Then, on February 23, 2009, Plaintiff filed a Notice of Petition and Verified Petition for Warrant of Removal, asking the Court to exercise supplemental jurisdiction over the state divorce and custody proceedings in order to ensure that his constitutional rights are protected. (Ct. Rec. 8.) Under 28 U.S.C. § 1915A, the Court is required to screen complaints filed by an individual proceeding in forma pauperis.[1]  28 U.S.C. § 1915A(a).  After conducting

---

[1] Although §§ 1915 and 1915A reference "prisoners," they are not

ORDER ~ 1

the required § 1915A(a) screening, the Court, while recognizing Plaintiff's frustration with the state court proceeding and his attorney's assistance, concludes it must dismiss Plaintiff's lawsuit.

The Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because Plaintiff's action is a *de facto* appeal of the state court's parenting plan and the asserted constitutional claims are inextricably intertwined with the state court decision. *See Watkins v. Prouix*, 235 Fed. Appx. 678 (9th Cir. 2007) (citing to *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Furthermore, to the extent that subject matter jurisdiction is not barred by the *Rooker-Feldman* doctrine, Plaintiff cannot pursue a § 1983 action against private-attorney Defendants Dudley and Nelson because there are no facts indicating that these individuals acted under color of state law. *See Keane v. Artz*, 162 Fed. Appx. 748 (9th Cir. 2006); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

The Court is unsure what relief Plaintiff can seek in state court; however, he may not seek relief from the parenting plan in federal court. Plaintiff may contact a legal aid clinic, such as the Northwest Justice Project (www.nwjustice.org; 1-888-201-1014), or access information online at www.washingtonlawhelp.org.

---

limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 276 (6th Cir. 1997), *superseded on other grounds by Callihan v. Schenider*, 178 F.3d 800 (6th Cir. 1997). Therefore, a court has an obligation to review a complaint filed by any person proceeding in forma pauperis. *See id.*

ORDER ~ 2

1     Accordingly, **IT IS HEREBY ORDERED**:

2     1.   The Complaint (Ct. Rec. 4) is dismissed for lack of subject matter jurisdiction.

4     2.   The construed Motion to Consolidate Cases (Notice of Petition for Verified Petition for Warrant of Removal) is **DENIED**.

6     3.   All other motions are **DENIED AS MOOT**.

7     4.   Judgment is to be entered **WITHOUT PREJUDICE**.

8     5.   This file shall be **CLOSED**.

9     6.   The Clerk's Office shall provide the Spokane County Superior Court with a copy of all filings in this action, indicating that the filings are related to Spokane County Superior Court No. 08-3-01312-8.

    **IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and Spokane County Superior Court.

    **DATED** this   27th   day of February 2009.

                            s/ Edward F. Shea
                              EDWARD F. SHEA
                      United States District Judge

Q:\Civil\2008\0388.screen.frm

ORDER ~ 3